UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATHYRN E. BUDD, | ) | Case No.  5:08CV1976 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| v. | ) | |
| | ) | |
| MICHAEL ASTRUE, | ) | **MEMORANDUM OPINION & ORDER** |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff requests judicial review of the final decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).  Electronic Case Filing (ECF) Dkt. #1.  Plaintiff contends that substantial evidence does not support the Administrative Law Judge (ALJ)'s finding that she could return to her past relevant work because he failed to adequately consider her complaints of pain and failed to rely on the most accurate hypothetical person posed to the vocational expert.  ECF Dkt. #14.  For the following reasons, this Court REVERSES the ALJ's decision and REMANDS this case for further consideration, analysis and determination.

**I.      PROCEDURAL HISTORY**

Plaintiff filed applications for DIB and SSI on October 29, 2002 alleging disability beginning August 1, 2000 due to facet disease in her spine and degeneration in her knees.  Tr. at 63-65, 79, 414-

1

417.  The Social Security Administration (SSA) denied Plaintiff's claims and affirmed the denials upon reconsideration.  *Id*. at 41-44, 405-408.  Plaintiff requested a hearing before an ALJ, and at the August 2, 2006 hearing,  Plaintiff testified and was represented by counsel.  *Id.* at 424.  A vocational expert also testified.  *Id.*

On September 7, 2006, the ALJ denied Plaintiff's application for benefits, finding that while her impairments of sleep apnea, degenerative disc disease (DDD), degenerative joint disease (DJD) of the left knee and Hepatitis C were severe, they did not meet or equal, individually or in combination, the Listing of Impairments in 20 C.F.R. Part 4, Subpart P, Appendix 1.  Tr. at 17.  The ALJ found that Plaintiff could perform limited light work and could return to her past relevant work as a security officer and as a sales representative/sales manager.  *Id.* at 19.

Plaintiff requested that the Appeals Council review the ALJ's decision but Council denied the request for review, concluding that no basis existed for changing the ALJ's decision.  *Id.* at 6-12.  Plaintiff filed an appeal to this Court on August 14, 2008 and Defendant answered.  ECF Dkt. #s 1, 12.  Both parties have filed briefs addressing the merits of the case and Plaintiff has filed a reply brief.  ECF Dkt. #s 14, 17, 18.  At issue is the ALJ's September 7, 2006 decision, which stands as the final decision.  Tr. at 15-19; 20 C.F.R. § 404.984.

## II.   RELEVANT PORTIONS OF ALJ'S DECISION

In his September 7, 2006 decision, the ALJ found that Plaintiff had met the insured status requirements through December 31, 2005 and she had not engaged in substantial gainful activity since October 9, 2000, her alleged onset date.  Tr. at 16.  The ALJ further found that Plaintiff had the severe impairments of sleep apnea, DDD, DJD of the left knee, and Hepatitis C.  *Id.*  at 17.  However, he found that none of these impairments, individually or in combination, met or medically equaled the Listing of Impairments in 20 C.F.R. Part 404 Subpart P, Appendix 1.  *Id.*

The ALJ considered Plaintiff's complaints of disabling pain and found them not entirely credible.  Tr. at 17.  He rejected the state agency physician's proposed medium level residual functional capacity (RFC) proposal for Plaintiff and found that she could lift and carry up to ten pounds frequently and twenty pounds occasionally, and she could frequently climb, balance, stoop, kneel, crouch and crawl.  *Id.* at 19.  He further found that Plaintiff had mild limitations in attention and concentration and in understanding and memory.  *Id.*   Based upon this limited light work RFC and the testimony of the vocational expert, the ALJ found that Plaintiff could return to her past relevant work as a security guard or a sales manager.  *Id.*

## III.   STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the following required sequential steps for evaluating entitlement to disability insurance benefits:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (§§20 C.F.R. 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (§§20 C.F.R.  404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see §§20 C.F.R.  404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (§§20 C.F.R.  404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (§§20 C.F.R. 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (§§20 C.F.R. 404.1520(f) and 416.920(f) (1992)).

-3-

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992).   The claimant has the burden of going forward with the evidence at the first four steps and the Commissioner has the burden at Step Five to show that other jobs in the economy are available to the claimant, considering her age, education, past work experience and residual functional capacity.   *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

**IV.     STANDARD OF REVIEW**

Under the Social Security Act, the ALJ weighs the evidence, resolves conflicts, and makes a determination of disability.  This Court's review of such a determination is limited by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Therefore, this Court is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards.  *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).  The Court cannot reverse the decision of an ALJ, even if substantial evidence exists in the record to support an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion.  *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla of evidence, but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It is evidence that a reasonable mind would accept as adequate to support the challenged conclusion.  *Id.*; *Walters,* 127 F.3d at 532.  Substantiality is based upon the record taken as a whole.  *Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365 (6th Cir. 1984).

**V.     ANALYSIS**

Plaintiff asserts that the ALJ lacked substantial evidence in which to find that she was capable of limited light work and could return to her past relevant work when he failed to adequately assess her credibility.  ECF Dkt. #14 at 8.  She contends that while the ALJ cited the law and legal standards

relating to determining her credibility, he failed to directly address her testimony regarding her symptoms and failed to discuss anything other than her many normal test results.  *Id.*   She cites her morbid obesity, Hepatitis C and vasculitis in her toes and indicates that the ALJ failed to address her testimony, daily living activities, and her constant search for medical relief from pain, which includes undergoing facet injections and taking prescription medications such as methadone. *Id.* at 9.  Plaintiff also argues that the ALJ failed to present a proper hypothetical question to the vocational expert.  ECF Dkt. #10.

The social security regulations establish a two-step process for evaluating pain.  In order for pain or other subjective complaints to be considered disabling, there must be: (1) objective medical evidence of an underlying medical condition, and (2) objective medical evidence that confirms the severity of the alleged disabling pain, or objectively, the medical condition is of such severity that it can reasonably be expected to produce such disabling pain.  *Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

When a disability determination cannot be made on the basis of the objective medical evidence, an ALJ must analyze the plaintiff's credibility, considering her statements about pain or other symptoms with the rest of the relevant evidence in the record and factors outlined in 20 C.F.R. § 416.929 and Social Security Ruling 96-7p.  Subjective complaints of pain can support a disability claim if objective medical evidence of an underlying condition exists in the record. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 686 (6th Cir. 1992).  Other relevant factors that the ALJ must consider include the claimant's daily activities; the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain.  20 C.F.R. 416.929(c)(3)(i)-(vi); SSR 96-7p.  However, an ALJ is not required to accept a plaintiff's own

testimony regarding his pain.  *Gooch v. Sec'y of Health and Human Servs.,* 833 F.2d 589, 592 (6th Cir. 1987).  Since the ALJ has the opportunity to observe the claimant in person, great deference is given to the ALJ's conclusion about the claimant's credibility.  *McCoy o/b/o McCoy v. Comm'r of Soc. Sec.,* 81 F.3d 44, 47 (6th Cir. 1995).  Nevertheless, substantial evidence must support an ALJ's assessment of a claimant's credibility.  *Id.*   If the ALJ rejects or discounts the claimant's complaints as not credible, he must clearly state his reasons for doing so.  *Felisky v. Bowen,* 35 F.3d 1027, 1036 (6th Cir. 1994).

In the instant case, the ALJ stated that he had considered the criteria in SSR 96-7p and other evidence to support his decision to discount Plaintiff's testimony of severe pain and work-related limitations.  Tr. at 17-18.  However, the ALJ failed to address limitations, if any, that may result from the strong medications that Plaintiff takes for pain, such as Methadone and Flexeril, two narcotic pain medications that Plaintiff testified have side effects which include drowsiness.  Tr. at 431-432.  While some medical notes in the record state that Plaintiff reported no side effects from her medications, the ALJ should have addressed the use of these medications and their impact on Plaintiff's credibility and work-related abilities, especially when he did not limit her from climbing, balancing, stooping, exposure to hazardous activities or operating machinery.

This issue alone may be insufficient to warrant a remand of the case.  However, the ALJ made another error which, coupled with the credibility assessment, requires remand.

In conjunction with the credibility issue, Plaintiff asserts that the ALJ failed to consider issues relating to her obesity in determining her RFC.  ECF Dkt. #14 at 9.  She complains that the ALJ failed to consider her morbid obesity, which is most important in determining her ability to stand and walk for at least six hours per day, among other RFC findings.  *Id*. at 10-11.  The Court finds merit to this

assertion.

Social Security Ruling (SSR) 02-1p provides that obesity is no longer an impairment listing under the 20 C.F.R. subpart P, appendix 1 Listing of Impairments.  SSR 02-1p.  However, the Ruling states that social security adjudicators must still consider obesity in the sequential evaluation process, which includes assessment of the RFC in adults at Steps Four and Five.  *Id.*  SSR 02-1p states that adjudicators "will explain" how they reached their conclusions as to whether obesity caused any physical or mental limitations.  *Id.*  It further states that

> [o]besity can cause limitation of function.  The functions likely to be limited depend on many factors, including where the excess weight is carried.  An individual may have limitations in any of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling.  It may also affect ability to do postural functions, such as climbing, balance, stooping, and crouching.  The ability to manipulate may be affected by the presence of adipose (fatty) tissue in the hands and fingers.  The ability to tolerate extreme heat, humidity, or hazards may also be affected.

> * * *

> An assessment should also be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment.  Individuals with obesity may have problems with the ability to sustain a function over time.  As explained in SSR 96-8p ("Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims"), our RFC assessments must consider an individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a result and continuing basis.  A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule (fn5).  In cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity.

> * * *

> The combined effects of obesity with other impairments may be greater than might be expected without obesity.  For example, someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation than might be expected from

-7-

the arthritis alone.

*Id.*  Here, the ALJ failed to mention Plaintiff's obesity.  While the ALJ relied upon results of objective medical testing that included diagnoses of obesity and morbid obesity, the ALJ did not address this issue, which could impact Plaintiff's functional ability, especially with regard to the ALJ's finding that Plaintiff could frequently climb, balance, stoop, kneel and crawl.  Moreover, the ALJ did not impose any other postural limitations on Plaintiff's abilities and failed to explain why he found no impact of Plaintiff's obesity on her ability to tolerate extreme heat, humidity or to be exposed to hazards.  The ALJ also failed to address whether and to what extent Plaintiff's obesity impacted the other conditions that he considered severe, including Plaintiff's DDD and her DJD of the left knee.  SSR 02-1p states that a claimant may experience more pain and limitation than expected from arthritis alone when she is obese.

Accordingly, the Court REVERSES AND REMANDS the instant case in order for the ALJ to reevaluate his RFC determination to include the impact of Plaintiff's obesity on her other impairments and her RFC.  Since the Court is ordering the remand of this case, the Court further ORDERS that the ALJ also address the impact that the side effects of Plaintiff's narcotic medications may have on her RFC as well.  In addition, since the RFC reevaluation and consideration of medication side effects may impact the hypothetical questions presented to the vocational expert, the Court declines to address this issue at this time.

## VI.    CONCLUSION

Based upon a review of the record, the Statements of Error, and the law, the undersigned REVERSES the ALJ's decision denying social security benefits to Plaintiff and REMANDS this case

to the ALJ for reevaluation of Plaintiff's RFC and credibility to address the issues of her obesity and the side effects of her medications.  The Court further REMANDS this case for reevaluation and redetermination of Plaintiff's credibility and the hypothetical questions presented to the vocational expert since both of these may be impacted by the redetermination of the RFC.

Dated: May 13, 2009                                        _/s/George J. Limbert_____

                                                           GEORGE J. LIMBERT

                                                           U.S. MAGISTRATE JUDGE